14-3562-cv
*Ramnaraine v. Merrill Lynch & Co., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
          ROSEMARY S. POOLER,
          DENNY CHIN,
                    *Circuit Judges.*

---

RAMNAND RAMNARAINE,

     *Plaintiff-Appellant*,

       v.

MERRILL LYNCH & CO, INC., MERRILL LYNCH, PIERCE, FENNER & SMITH AND BANK OF AMERICA CORPORATION,

     *Defendants-Appellees.*

No. 14-3562-cv

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Ramnand Ramnaraine, *pro se*, Elmhurst, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Beth L. Kaufman, Paulette Jeanne Morgan, Schoeman Updike Kaufman & Stern LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Ramnand Ramnaraine, proceeding *pro se*, appeals the District Court's September 5, 2014 order granting summary judgment to the defendants-appellees, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner, & Smith, and Bank of America Corp. Ramnaraine's complaint alleged that defendants failed to comply with his instruction to sell all shares of Merrill Lynch stock held in his three ERISA plans, thereby breaching the fiduciary duty owed to him under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and assess whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. S*ee Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon *de novo* review, we find no error in the District Court's grant of summary judgment to the defendants because, for the reasons stated in the district court's order, the undisputed evidence shows that Ramnaraine had "actual knowledge" of the purported breach of fiduciary duty in September 2007, more than three years prior to filing his initial complaint in June 2011. Thus, his action was time-barred under the relevant three-year statute of limitations, set forth in ERISA § 413(2), 29 U.S.C. § 1113(2). *See Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001).

We have considered Ramnaraine's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court for substantially the reasons set forth in its thorough and well-reasoned order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk